**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


LAURA CATES WYLES                                                                  PLAINTIFF


V.                                       4:06CV01514 SWW/JTR


MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and one copy of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

### I.  Introduction

Pending before the Court is Plaintiff's Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b). (Docket entry #24.)  Before addressing the Motion, the Court will review the relevant procedural history of this case.

On November 27, 1998, an Administrative Law Judge ("ALJ") decided that Plaintiff was not entitled to receive social security benefits. On November 30, 2004, Plaintiff filed a Complaint

appealing the ALJ's decision. *Cates v. Barnhart*, E.D. Ark. No. 4:00CV00578 SWW/JTR at docket entry #1. On January 31, 2002, the Court entered an Order and Judgment, reversing the Commissioner's decision, and remanding the case for further proceedings. *Cates v. Barnhart*, E.D. Ark. No. 4:00CV00578 SWW/JTR  at docket entries #12-13.

On April 1, 2002, Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Cates v. Barnhart*, E.D. Ark. No. 4:00CV00578 SWW/JTR at docket entry #14. On May 20, 2002, the Court entered an Order granting the Motion, as modified, and awarded Plaintiff's counsel, Mr. Alan J. Nussbaum, $3,095.00 in attorney's fees pursuant to the EAJA. *Cates v. Barnhart*, E.D. Ark. No. 4:00CV00578 SWW/JTR at docket entry #18.

On November 27, 2002, an ALJ conducted a second administrative hearing, and on December 29, 2003, decided that Plaintiff was not entitled to receive social security benefits. On October 13, 2006,  Plaintiff filed a Complaint appealing the ALJ's decision. (Docket entry #2.) On February 27, 2008, the Court entered an Order and Judgment, reversing the Commissioner's decision, and remanding the case for further proceedings.  (Docket entries #16-17.)

On April 28, 2008, Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docket entry #18.)  On June 26, 2008, the Court entered an Order granting the Motion, and awarded Mr. Nussbaum $3,562.50 in attorney's fees pursuant to the EAJA.  (Docket entry #23.)

Plaintiff states that, on May 19, 2008, a third administrative hearing was held, which resulted in a fully favorable decision.  (Docket entry #25 at 2.)

On February 14, 2008, Plaintiff filed her Motion for Attorney's Fees pursuant to § 406(b).

(Docket entry #24.)   According to a December 24, 2008 Notice of Award, Plaintiff was awarded $87,257.00 in past-due benefits, while the Commissioner withheld 25% of that award, $21,814.25, for the payment of attorney's fees.  (Docket entry #24, Ex. B at 3.)  From this withholding, the Commissioner awarded Mr. Nussbaum $7,000.00 in attorney's fees for work performed at the administrative level pursuant to 42 U.S.C. § 406(a). *Id.*  Thus, the Commissioner continues to hold $14,814.25 for the payment of attorney's fees at the judicial review level.

In the pending Motion, Mr. Nussbaum requests $14,814.25 in attorney's fees for work performed at the judicial review level pursuant to 42 U.S.C. § 406(b).  If granted, this amount, when combined with the $7,000.00 already awarded to Plaintiff's counsel at the administrative level, would total $21,814.25, or 25% of the past-due benefits awarded to Plaintiff.  Mr. Nussbaum concedes that, if his requested fee award is granted, he would be obligated to refund to Plaintiff the $6,657.50 ($3,095.00 + $3,562.50) previously awarded to him for attorney's fees under the EAJA.[1] The Commissioner has filed a Response in which it "declines to assert a position in the reasonableness" of the requested award.  (Docket entry #28 at 1.)

For the reasons discussed below, the Court recommends that Plaintiff's Motion be granted.

## II.  Discussion

Congress designed 42 U.S.C. § 406(b) to protect Social Security claimants from inordinately large fees, while ensuring that attorneys representing successful claimants would not risk nonpayment of attorney fees.  It was intended to control, not displace, fee agreements between claimants and their attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The statute imposes

---

[1]In order to prevent a double recovery where a lawyer obtains fees from the government under the EAJA, *and* from the claimant's award under § 406(b), he is obligated to refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 797 (2002).

a limit of twenty-five percent of past-due benefits on attorney's fees, in addition to requiring that federal courts assure that the amount of fees to be paid within that limitation remains "reasonable."

In *Gisbrecht,* the Court expressly found that it was "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." *Gisbrecht*, 535 U.S. at 791. In other words, § 406(b) was not intended to displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security claimants in court. Rather, its goal was to help insure a reasonable award of attorney's fees by requiring courts to review such contingency arrangements, as an "independent check." *Gisbrecht*, 535 U.S. at 807.

In reviewing a Petition for fees under § 406(b), the Court must first look to the contingency-fee agreement to determine whether it is within the twenty-five percent boundary. *Id.* at 808. After the Court has reviewed the agreement, it must then consider whether the amount of attorney's fees to be paid is reasonable.[2] *Id.* at 809.

### 1.   § 406(b) Requirements for Contingency-Fee Agreements

The Court first must determine if the fee agreement meets the guidelines of § 406(b)(1). Here, the Plaintiff entered into a contingency-fee agreement with Mr. Nussbaum dated October 5, 2006.

---

[2]Prior to *Gisbrecht*, courts considered the following factors in awarding attorney fees in a Social Security case: the amount of attorney time spent on plaintiff's case; the complexity of the issues involved; the manner in which plaintiff's attorney analyzed and dealt with the issues; the diligence with which plaintiff's attorney undertook claimant's case; and in general the overall contribution of plaintiff's attorney to the decision reached by the court. *See, e.g. Cotter v. Bowen*, 879 F.2d 359, 363 n.5 (8th Cir. 1989) (listing relevant factors), *abrogated by Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). However, these factors were applied by courts utilizing the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of a case. The "lodestar" method is no longer used in reviewing § 406(b) attorney fees applications. *Gisbrecht*, 535 U.S. at 805-06.

(Docket entry #24, Ex. A.)   Plaintiff agreed that, for counsel's representation "in federal court review" of her "SSI/SOCIAL SECURITY DISABILITY case," she would pay twenty-five percent of all "past-due benefits" that were awarded to her.   The Court concludes that this fee agreement falls within the § 406(b)(1) guideline - it does not exceed twenty-five percent of the past-due benefits.

### 2.      Reasonableness of the Requested Attorney's Fee Under § 406(b)

Mr. Nussbaum has the burden of establishing that his requested attorney's fee is reasonable under the circumstances. *See Gisbrecht*, 535 U.S. at 808.  When considering a fee award, the Court must balance two important policy concerns.  On the one hand, fee awards should be substantial enough to encourage attorneys to accept the risk of pursuing a Social Security case, which could result in the claimant being awarded no benefits and the attorney being awarded no fees.  *See McDonald v. Apfel*, 2000 WL 744115 *1 (W.D. Mo. 2000) (unpublished opinion) ("If remuneration is insufficient, then deserving claimants will be unable to find counsel"). On the other hand, attorney's fees under § 406(b) are deducted from the claimant's disability award.

By way of further guidance, the Court in *Gisbrecht* provided some examples of factors to consider in determining if attorney's fees are reasonable. In cases involving contingency-fee agreements, appropriate reductions of attorney's fees have been based on the character of the representation and the results achieved. *Id.* at  808.  If the attorney is responsible for delaying the progress of the case, a reduction is appropriate so the attorney does not profit from the accumulation of benefits during the delay.  *Id.* Another acceptable basis for a reduction is if a windfall to the attorney would occur because the benefits are large in comparison to the amount of time plaintiff's attorney spent on the case. *Id.*  Further, "a court may require the plaintiff's attorney to submit, not

as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hours billing charge for noncontingent-fee cases." *Id.*

Plaintiff's counsel has submitted itemized statements reflecting approximately 53 hours of work performed at the judicial review level.  In assessing the value of this work to the client, the Court makes the following observations.   More than a decade ago, the Commissioner initially denied Plaintiff's claim.  She would have been unsuccessful without judicial review.  While Plaintiff's counsel ultimately achieved success for her, he bore the risk that he would not win an award for his client and thus would not be paid. Following the two remands in this case, an award of benefits was not certain.  It appears that no delay resulted from the representation. The Court also acknowledges Plaintiff's counsel's experience and history of representing Social Security claimants, and notes his singular persistence in pursuing this claim, for over ten years, until he finally prevailed.

The Court has reviewed the record and has also considered that there is a contingency-fee agreement involved.  Balancing the Court's duty to protect the Plaintiff's disability award against awarding a fee that is substantial enough to encourage attorneys to accept Social Security cases, the Court concludes that a fee of $14,814.25 is a reasonable fee award for Plaintiff's counsel's representation at the judicial review stage. Accordingly, the Court recommends that the Motion for Attorney's Fees, pursuant to 42 U.S.C. § 406(b), be granted, and that Plaintiff's counsel be required to immediately refund to his client, Ms. Laura Cates Wyles, the lesser amount of $6,657.50, awarded under the EAJA.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (docket entry # 24) be GRANTED.

2.      The Commissioner certify and pay to Mr. Alan J. Nussbaum, attorney for Plaintiff, $14,814.25, as attorney's fees under 42 U.S.C. § 406(b).

3.      Plaintiff's counsel, Mr. Alan J. Nussbaum, immediately refund to Plaintiff, Ms. Laura Cates Wyles, the $6,657.50 awarded to him under the EAJA.

DATED this 19th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE